## Case No. 11,195.

### PITTS et al. v. WEMPLE et al.

[6 McLean, 558.] [1]

Circuit Court, N. D. Illinois.　July Term, 1855.

PATENTS—INFRINGEMENT—USE OF LESS THAN ENTIRE COMBINATION — IMPROVEMENT ON A COMBINED MACHINE—RIGHTS GRANTED BY PATENT.

1. A patent for a combination of machinery is not infringed if less than the entire combination is used.

2. A combination is usually formed by using known processes or mechanical powers, in which case the invention consists in the union of those powers.

3. The constituent parts remain with the public, as before the combination. But the combination cannot be used though something be added to it.

4. An improvement on a combined machine, for which a patent may be obtained, gives no right to use the combined machine. Nor, under such circumstances, has the inventor of a combined machine the right to use the improvement. The inventions of the original and improved machine, are separate and distinct.

[This was an action on the case by Pitts & Pitts against Wemple and others for the infringement of letters patent No. 542, granted to H. & J. Pitts, December 29, 1837.]

Chickering & James, for plaintiff.
Larned & Goodrich, for defendant.

McLEAN, Circuit Justice. This action is brought to recover damages from the defendant, for an infringement of the plaintiffs' patent for a new and useful improvement in machines for threshing, separating and cleaning grain. The patent was dated the 27th of December, 1837. In their specifications they say, "We claim as our invention, the combination and use of an endless apron divided into troughs and cells in a machine for cleaning grain, operating substantially in the way described." This is not a claim to the invention of an endless apron only, but for an apron divided into troughs and cells in the

[1] [Reported by Hon. John McLean, Circuit Justice.]

machine, operating substantially as stated. "We claim, also, the revolving rake, for shaking out the straw, and the roller for throwing it off the machine, in combination with a revolving apron. We claim the guard slats in combination with a belt, constructed as above described, to receive the grain, straw and chaff from the thresher." And they also claim the combination of the additional sieve and shoe with the elevator for carrying up the light grain, in the manner and for the purpose herein set forth. Here are four distinct claims, each of which is a combination, and the whole of which constitute the machine claimed to have been invented by the plaintiffs, and which they denominate "a new and an improved combination of machinery for separating grain from the straw and chaff, as it proceeds from the threshing cylinder." The defendant, Wemple, in his patent, claims as his invention, and desires to secure by letters patent, "the employment of a cylinder (H,) having tangential or other suitably projecting plates across or along its periphery, for the purposes of separating the grain and breaking the impinging effect produced by the threshing cylinder on an endless apron; the said cylinder being so situated and operating in the rear of the threshing cylinder, as gently to feed over the straw and headings as they are delivered from the threshing cylinder." A patent was also issued to Samuel Lane, on the 6th of April, 1831, on his claim of having invented "a new and useful improvement in the machine for threshing and cleaning wheat and other grain."

The three patentees claim an improvement in the machine for threshing and cleaning grain. The endless apron is claimed as a part of the combination of each. The apron performs important functions in each. It is used in each to carry the threshed grain and straw thrown upon it by the thresher to the upper cylinder, where the grain is separated from the straw and chaff. In Lane's machine the straw and grain, after the threshing is completed, are received by the apron, and passing on rollers are carried up to the endless sieve and rake. In Wemple's machine, the grain, straw and chaff, are thrown by the thresher upon a cylinder, which feeds over the straw and headings, and breaks their force on the endless apron. This is called a separator of the grain from the straw, both of which are carried on the apron to the machinery for separating the grain from the straw and chaff. The function performed by the endless apron in each of these two machines, is substantially the same. In Wemple's machine there is a cylinder which breaks the force of the threshing operation; and there are slats on the apron at certain distances, but these make no substantial difference in the effect produced. The Wemple machine, by reason of its additional cylinder and slats, may separate a small portion of the wheat from the chaff, but in regard to the

.endless apron they operate substantially on the same principle. But the endless apron of the plaintiff's machine produces a different effect and operates on different principles. The apron in Lane's and Wemple's machine merely carries the wheat in the chaff. In the plaintiff's machine it operates not only as a carrier, but as a separator of the wheat from the straw. And this is clearly indicated by the plaintiffs, in calling their machine, "a new and improved combination of machinery for separating grain from the straw and cuaff, as it proceeds from the threshing machine." To save the apron from the force of the contents of the thresher, guard slats are used. The endless apron in plaintiff's machine is divided into cells, so that in passing over the rollers the grain is shaken from the straw and falls into the cells, which are deep and narrow, while the straw passes over them. This mechanical contrivance should have been called a separator, or an endless apron separator. This shows that in the use of the apron by the plaintiffs, there was no infringement of Lane's patent, nor of the plaintiff's patent by the use of the apron in Wemple's machine. The endless apron separator is materially different in its form and principle, and the effect produced by it, from the aprons used by the two other machines. The slats can in no correct sense be considered as mechanical equivalents, for the cells in the plaintiff's apron. The cylinder F, near the thresher, is substituted in Wemple's machine for the guards used by the plaintiff. And these are different in their mode of operation, although the effect may be somewhat similar. The rule is, that where the invention consists of a combination of known mechanical powers, the use of less than the whole will be no infringement. If the whole of the combination be taken, though something be added, still it is an infringement. An improvement on a combined machine may be patentable; but in such a case, the patentee cannot use the combined machine without a license; nor can the owner of such machine use the improvement, without a license. As the endless apron used by Wemple is materially different from the one used by the plaintiffs, and as that constitutes only a material part of his entire combination, it follows that it cannot be considered as an infringement of his patent. As Wemple's endless apron is substantially on the same principles as Lane's, if Wemple's be considered as an infringement, in this respect, of the plaintiff's patent, the same rule of construction would invalidate the plaintiff's patent, as being the same as Lane's, of prior date. But it will be perceived that in the four specific claims of invention by the plaintiffs, each one consists of combinations of mechanical powers which produce a given result, and these minor combinations are claimed as new, and if they are new, they are entitled to protection.

The first claim under this view is, for the endless apron connected with the other machinery. The second claim, of the revolving rake, is connected with the apron, so as not to be separated from it. The third claim of the guard to break the force of the contents of the thresher, thrown upon the apron as already stated, has not been infringed by defendants.

The fourth claim of the plaintiffs seems to present the only difficulty. That is the claim of the additional sieve and shoe, with the elevator for carrying up the light grain to the sieve, for a more effectual cleaning. This appears to be new and distinct. Where the parts of a combination have been invented, whether such invention be of a new machine, or a combination of mechanical powers, it is protected in its distinctive character. The defendants' model has the elevators which return the grain for a more perfect winnowing. The only difference I perceive between the two modes is, that Wemple's elevators convey to the thresher the imperfectly cleaned wheat, whilst the plaintiff's return it to the sieves. The only difference is, that the heads of the wheat, by passing through the thresher, may produce a somewhat better effect than where they are thrown upon the sieves. I find no specific claim for the elevators in Wemple's patent, but they are represented in his model, and if used, they are an infringement of the plaintiff's patent.

On this opinion being given, the counsel of the defendants stated, that they did not use the elevators, and had not for sometime, and that they did not consider them as an improvement of their machine.

[For a subsequent trial of this case, in which there was a verdict for defendant, see Case No. 11.194.

[For other cases involving this patent, see note to Pitts v. Wemple, Case No. 11,194.]